Charles Kinney
207 N. Orchard Ave.
Farmington, NM 87401
(505) 325-4456
charleskinney@hotmail.com
     Plaintiff in pro se



**FILED**

OCT 2 8 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| Charles Kinney,<br>    Plaintiff,<br>vs.<br><br>CA Franchise Tax Board,<br>The State Bar of California,<br>CA Judicial Council ("CJC"),<br>CA Supreme Court Justice<br>Patricia Guerrero as the Chair for<br>the CJC in a ministerial capacity,<br>and DOES 1 - 20,<br>    Defendants. | Case No. **2:25 - CV 3 1 1 6 -DJC SCR PS**<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br><br>Assigned to Dept. _____ |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

<u>COMPLAINT</u>

1.     Plaintiff Charles Kinney ("Kinney" or "plaintiff"), a New Mexico resident who suffered more than $75,000 in damages [i.e. $303,689.60 without interest], files a complaint against defendants CA Franchise Tax Board ("FTB") [in Sacramento, CA], The State Bar of California ("State Bar"), CA Judicial Council ("CJC"), CA Supreme Court Chief Justice Patricia Guerrero as the Chair for the CJC in a ministerial capacity ("Chair"), and DOES 1 - 20 (collectively "defendants") as follows under 18 U.S.C. Secs. 1961-1968 and other state and federal laws. In support, plaintiff Kinney would show:

## PARTIES

2.     Plaintiff is an individual, is a resident of New Mexico ("NM"), and has his principal place of business as an IRS Enrolled Agent in various locations including NM.

3.     Defendants are entities and individual(s) in California with principal places of businesses or residences in Sacramento [FTB], San Francisco [State Bar, CJC and Chair] or similar CA locations [DOES].  No defendants reside or have businesses in NM.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to 28 U.S.C. Secs. 1331 and 1332, as the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper pursuant to 28 U.S.C. Sec. 1391.

## FIRST COUNT

### (Fraud Against All with Predicate Acts for RICO claims)

6.     Kinney was named as a defendant by plaintiff State Bar in two California ("CA") cases filed in San Francisco County Superior Court ("SFCourt"), one in 2017 and one in 2018, to recover the State Bar's costs claimed in disciplinary matters against attorney Kinney starting in about 2010, continuing to 12/12/14 when State Bar issued its recommendation for Kinney's disbarment as a California attorney, and concluding with the 5/25/16 denial of Kinney's petition for review by the California Supreme Court which made the State Bar's 12/12/14 disbarment recommendation a "final judicial determination" under Cal. Rules of Court ("CRC"), Rule 9.16(b).

7.     During the State Bar's disciplinary process and Kinney's petition for review to the Cal. Supreme Court, the requirements imposed on the State Bar, the Cal. Supreme Court, and others were **not** met and/or ignored as to attorney Kinney.  Calif. Code of Civil Procedure ("CCP") Sec. 391, <u>John v. Superior Court</u>, 63 Cal.App.4th 91 (2016) [vexatious litigant statute only applies to plaintiff in pro-se]; <u>Weissman v. Quail Lodge, Inc.</u>, 179 F.3d 1194, 1197 (9th Cir. 1999) [vexatious litigant doctrine was never intended

to control an attorney's conduct]; Mahdavi v. Superior Court, 166 Cal.App.4th 32, 39-42 (2008) [vexatious litigant statute never intended to apply to one who is a non-plaintiff; it does not apply to one who is trying to "undo" a prior order and seeks to defend himself]; State Board of Dental Examiners v. F.T.C., 135 S.Ct. 1101, 1110-1117 (2015) ["Dental Examiners"]; Goldfarb v. Virginia State Bar, 421 U.S. 773, 777-792 (1975); F.T.C. v. Phoebe Putney Health Systems, Inc., 133 S.Ct. 1003, 1010-1015 (2013) ["Phoebe Putney"]; Cal. Liquor Dealers v. Midcal Aluminum, Inc., 445 U.S. 97 (1980) ["Midcal"].

8.      From 1975 to about 2008, Kinney was an attorney licensed in CA in good standing; he had a clean disciplinary record; and he had a good business reputation and goodwill in his law practice in which he was a sole-practitioner from 1985 onward.

9.      In Aug. 2008, after Kinney and his client Kimberly Kempton, as co-buyers of a house in Los Angeles, won an appeal against the City of Los Angeles regarding obstructions of public sidewalks by neighbors (one of whom, Carolyn Cooper, was a high-level City of LA employee) [Kempton and Kinney v. City of Los Angeles, 165 Cal.App.4th 1344], Judge Luis Lavin (now Justice Lavin) of the Los Angeles County Superior Court decided to punish attorney Kinney by labeling him a vexatious litigant ("VL") on 11/19/08, contrary to state law [e.g. CCP Sec. 391] and federal law.

10.     State Bar is the official attorney-licensing agency for California, an "administrative arm" of the Cal. Supreme Court, and the "agent" of the "principal" Cal. Supreme Court.  State Bar is a mandatory or unified bar, so every attorney has to be a member of that bar to practice law in CA.  State Bar had duties to be fair and just in disciplinary matters regarding attorney Kinney, and to follow the laws and rules in regards to those matters from about 2010 to 2016.

11.     State Bar intentionally refused and/or failed to satisfy those duties to the detriment of attorney Kinney, which was a proximate cause of Kinney's damages.  State Bar has admitted that it can file a ***new*** "Request for Entry of Judgment" ["Request"], an official State Bar form, for costs since its 2017 State Bar cost memo is good for 10 years.

12.    When the State Bar filed cases Nos. CPF-17-515616 in 2017 and CPF-18-516235 in 2018 in SFCourt against Kinney, its initial filings were "draft" Requests under CRC Rule 9.23(b) for costs arising during disciplinary matters against Kinney.

13.    The State Bar intentionally failed to list Kinney's address in the required proof of service on the 2 Requests that had specific instructions as to the proof of service part of that form.    The clerk at SFCourt negligently failed to notice the State Bar's omission as to Kinney's address on the proofs of services, and issued the cost judgments.

14.    As a result, Kinney did not get timely notice of those 2 cost judgments that were signed and issued by the clerk at SFCourt.    State Bar then recorded lien(s) based on the cost judgment(s) in California counties in which Kinney owned rental property(ies) without Kinney's knowledge and without giving Kinney any chance to object.

15.    Kinney contends SFCourt never had personal and/or subject matter jurisdiction over Kinney, as an allegedly-disbarred attorney, when the clerk at SFCourt signed and issued a cost judgment on 4/24/17, and another cost judgment on 6/21/18 (which State Bar admitted was filed in error), both in favor of State Bar because: (A) there was no personal jurisdiction given the State Bar's failure to list Kinney on the proof of service in the State Bar's official Request forms [contrary to the explicit instructions on the State Bar's official Request form]; and (B) there was no subject matter jurisdiction since the vexatious litigant orders against attorney Kinney in 2008 and 2011 were "void" [e.g. not allowed by CCP Secs. 391 etc], and since the disbarment process and 5/25/16 disbarment "order" was "void" [e.g. due to the failure to comply with the 2015 *Dental Examiners* and related US Supreme Court decisions].

16.    Any "void" order can be attacked in any court and at any time, either directly or by way of an independent action [e.g. as shown by the dockets or judgment roll].    Rochin v. Pat Johnson Manufacturing Co., 67 Cal.App.4th 1228, 1239 (1988); Plaza Hollister Ltd. Partnership v. County of San Benito, 72 Cal.App.4th 1, 13-22 (1999); Sinochem Intl. Co. v. Malaysia Intl. Ship Corp., 549 U.S. 422, 430 (2007).

17.    FTB is a state agency that has duties which include the collection of some types of judgments in California, and the seizure of assets to pay certain judgments under Rev. & Tax. Code Sec. 19280.  That section was amended in 2018 to include debts owed to the State Bar that could be collected by FTB, but those amendments were not retroactive and not effective until 1/1/19.  FTB is located in Sacramento, CA.  FTB had duties to be fair and just in collection matters for the State Bar as to Kinney, and to follow the laws and rules in regard to the State Bar's 2017 and 2018 cost judgments (which were issued <u>before</u> FTB had the power to collect on those types of judgments).

18.    FTB intentionally refused and/or failed to satisfy those duties to Kinney's detriment, and instead seized $5,174.00 from Kinney's bank account(s) for debts owed to the State Bar from the "void" 2017 cost judgment and 2018 cost judgment (that State Bar admitted was fraudulent), which was a proximate cause of damages to Kinney.

19.    CJC is a state entity whose duties and obligations are set forth in Cal. Rules of Court ("CRC"), Rules 10.1 et seq. and/or Cal. Const., Art. VI, Sec. 6.  The Cal. Supreme Court Chief Justice is the Chair.  The CJC is located in San Francisco, CA. CJC is the administrative policy-making body of the state courts, and has duties to be fair and just in vexatious litigant ("VL") matters, in creating the VL list (which should **not** list attorney Kinney as noted herein), <u>and</u> in following the applicable laws and rules from about 2008 to the present.  Kinney as an attorney, as a non-party, and/or as a pro-se defendant could **not** be a VL under law [e.g. CCP Sec. 391, and <u>John v. Superior Court</u>, 63 Cal.App.4th 91 (5/5/16)].  Thus, Kinney could not be on the VL list unless he was a pro-se plaintiff in those matters at the time the VL order was issued.

20.    The CJC and/or the Chair intentionally refused and/or failed to satisfy those duties to the detriment of Kinney [e.g. by putting attorney Kinney on the VL list in 2008 and 2011, and/or by not timely removing Kinney's name on that often-updated VL list since CCP Sec. 391 doesn't apply to him as an attorney with a client], which was a proximate cause of Kinney's damages.

21.    Plaintiff does not know the true names or capacities of defendants DOES 1 to 20, and sues them herein as fictitious defendants.

22.    Plaintiff is informed and believes and thereon alleges that each of the defendants was intentionally and/or negligently responsible and/or liable in some manner for the occurrences herein alleged; and that plaintiff's injuries as herein alleged were proximately caused by defendants' negligence and/or acts.

23.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was acting as an individual or as the agent and/or employee of the remaining defendants and in doing the things herein mentioned was acting within the scope of its authority as such agent and/or employee, and with the permission and consent of its co-defendants.

24.    On 11/3/22, the State Bar admitted in its "Open Letter" (about 50 pages long) that its *own* employees had engaged in fraud, accepted bribes, and/or caused "serious failures" for about 40 years in the State Bar's "attorney discipline system" [e.g. the same system in which attorney Kinney was disciplined by the State Bar from about 2010 to 2016].

25.    The State Bar has refused to disclose the names of its employees who committed fraud and/or accepted bribes and from whom, who caused the "serious failures", and/or who coerced them to do so, as to all disciplinary matters they worked on including but not limited to matters against Kinney, his client Kim Kempton, and his attorney William Rubendall.

26.    Kinney first learned of the 11/3/22 Open Letter in about Oct., 2023.

27.    From 2010 to 2016, Kinney never received due process and/or hearings that followed the law from the State Bar, and he never knew State Bar employees might be engaging in "fraud" as to disciplinary matters against him, his client Kempton (due to the Los Angeles cases), and his attorney Rubendall (due to 12 Cal.App.5th 724) until later.

28.    The order making attorney Kinney a vexatious litigant on 11/19/08 by Judge Luis Lavin in LA Superior Court (now Justice Luis Lavin) was improper and contrary to CCP Sec. 391 because Kinney was only the attorney for his client Kempton on that date, because Kinney when acting as a pro-se plaintiff had not suffered 5 out of 7 losses, and/or because only 4 cases [e.g. "losses"] were listed in Judge Lavin's 11/19/08 VL decision [e.g. in which 2 cases, attorney Kinney's clients were defendants; and in which 1 case, attorney Kinney's client was plaintiff Van Scoy]. That VL decision listed 3 inapplicable cases and 1 case that might apply {Att. 1} [i.e. <u>Kinney v. Overton</u>, 153 Cal.App.4th 482 (2007) which arose from a 2001 case in which Kinney was a defendant]. That means the 2008 vexatious litigant order was "void" [e.g. as shown by the dockets].

29.    After attorney Kinney timely appealed that 2008 VL order, Adm. Pres. Justice Roger Boren unilaterally dismissed Kinney's appeal <u>and</u> misstated the date of entry of the 11/19/08 VL order (without acknowledging it takes a panel of 3 justices to make a decision for an appeal under the Cal. Constitution, Art. VI, Sec. 3). That means the automatic stay under CCP Sec. 916 (which arose when Kinney filed the appeal) is still in place, and that appeal should be allowed to proceed. That also means Justice Boren's order dismissing the appeal was "void" [e.g. as shown by the dockets].

30.    In 2011, when attorney Kinney filed a second appeal for his client Kempton against the City of Los Angeles [because the City had ignored the requirements in the published opinion from the first appeal [i.e. law of the case] which resulted in <u>Kempton and Kinney v. City of Los Angeles</u>, 165 Cal.App.4th 1344 (Aug. 2008)], Adm. Pres. Justice Roger W. Boren authored a vexatious litigant order on 12/8/11 against attorney Kinney [i.e. <u>In re Kinney</u>, 201 Cal.App.4th 951 (2011)] without subject matter jurisdiction since: (a) an attorney with a client <u>cannot</u> be subject to the vexatious litigant laws, and (b) a "presiding justice" was <u>not</u> allowed in 2011 to issue any vexatious litigant order under CCP Sec. 391.7 against anyone [even though CCP Sec. 391.7 was amended to allow that

in 2011, but that amendment was not effective until 1/1/12]. Therefore, Justice Boren's 2011 VL order against Kinney was also "void" [e.g. as shown by the dockets].

31.    The State Bar's 12/12/14 disbarment recommendation relies exclusively on the false belief that attorney Kinney was (and still is) a vexatious litigant (which was not allowed under the statutes and case law). In addition, the State Bar and Cal. Supreme Court had to comply with the 2015 *Dental Examiners* decision and the 5/5/16 *John v. Superior Court* case <u>before</u> the Cal. Supreme Court could issue its 5/25/16 decision to deny attorney Kinney's petition for review. No independent state supervisor (who is not an attorney or inactive attorney) has ever reviewed the 2014 State Bar's disbarment recommendation and prepared a written report about that state supervisor's findings. That means the 5/25/16 decision by the Cal. Supreme Court which utilized the improper process found in CCP Sec. 916(b) [i.e. by summarily denying Kinney's petition for review without the required due process] was "void" [e.g. as shown by the dockets].

32.    After the Cal. Supreme Court denied Kinney's petition for review on 5/25/16 (without following the limitations and/or requirements in the VL laws or in the US Supreme Court's decisions), the State Bar filed Requests in 2017 and 2018 with SFCourt, but did not fill out those official State Bar forms correctly. The State Bar submitted its draft Requests to the clerk of SFCourt who then signed the Requests and filed them. It is believed the State Bar knew it had to list Kinney's address on the proof of service for each Request, but intentionally omitted that on each form. The State Bar's 2018 Request was fraudulent because the costs claimed by the State Bar were not allowed under the law (as admitted later by the State Bar in that 2018 case). Kinney did not get timely notice of these Requests.

33.    FTB intentionally combined the cost judgments (from 2017 and 2018) in its collection papers that were served on bank(s) with account(s) owned by Kinney, creating a *de-facto* consolidation of the cases. FTB seized [e.g. by robbery] Kinney's money from those bank(s), even though the applicable statute <u>only</u> allowed collections on debts owed

to the State Bar for cost judgments issued in 2019 or later. Although asked by Kinney for an explanation, FTB never supplied any reasoning to justify its collections.

34.    CJC intentionally continued to list attorney Kinney on its updated VL lists which effectively prevented Kinney from filing new lawsuits as a pro-se plaintiff, even though attorney Kinney with a client could <u>never</u> be labeled as a vexatious litigant ("VL") under CCP Sec. 391 and the 2016 *John v. Superior Court* case.

35.    Once Kinney learned of the State Bar's Nov. 2022 Open Letter (in about Oct. 2023), he prepared motions in SFCourt in both cases to vacate the cost judgments, to consolidate the 2 cases since FTB had combined them in its collection orders {Att. 6}, and to allow the filing of cross-complaints against those who enabled State Bar's fraud.

36.    The State Bar sent a letter to Kinney on 12/19/23 {Att. 2} in which it stated it was: (a) willing to waive the interest for the 2017 cost judgment so the amount due was $20,415.36, and (b) willing to vacate the 2018 cost judgment. The State Bar did not admit that it committed fraud in the 2018 case since the costs in that case were not recoverable. The State Bar did not admit that attorney Kinney (with a client) could never have been made a vexatious litigant ("VL") under the law. The State Bar did not admit that neither it nor the Cal. Supreme Court had complied with the US Supreme Court's 2015 *Dental Examiners* and earlier decisions and/or had acknowledged the restrictions in the 2016 *John v. Superior Court* case when Kinney got disbarred in May 2016. The State Bar provided no details as to what had been happening from Nov. 2022 (when it issued its Open Letter) to Nov. 2023 (when Kinney filed his motions and other papers in the State Bar's cases) in regards to identifying State Bar employees who committed fraud, about employees knew about the fraud but did nothing, about those who offered or asked for bribes, about honest attorneys who were wrongly punished [e.g. due to fraud by State Bar employees], and/or about State Bar's actions to show it had eliminated the ongoing fraud and punished all of those who participated in the 40 years of fraud.

37.    In response to State Bar's 12/19/23 letter, Kinney responded on 12/28/23 with a written "counter-offer" {Att. 3} assuming the State Bar's letter was an "offer" (or a written "offer" assuming the State Bar's letter was not an "offer") with specific conditions about how each case was to proceed, about what papers could be filed, and with a check to the State Bar for $20,415.36 with "paid under protest" and with similar restrictions on that check {Att. 4}. Kinney personally delivered his letter and check to a person in charge at the State Bar on Howard St. in San Francisco, CA on 12/28/23.

38.    The State Bar cashed Kinney's check in about 5 days, but made no revisions to the limitations on that check, and didn't cross out anything on that check.

39.    The State Bar filed an Acknowledgement of Satisfaction of Judgment for the 2017 case on 1/3/24 {Att. 5} (on CJC's Form EJ-100) which was signed by a State Bar employee with the power to sign and agree to that Acknowledgement [i.e. a signature from the other party required by CCP Sec. 664.6 for a "compromise settlement"].

40.    The State Bar intentionally checked the wrong box {Box 1.a.(1)} on its Acknowledgment form for the cost judgment ("... satisfied in full") even though the written 12/28/23 letter from Kinney required a different box to be checked {Box 1.a.(2)}. By marking the wrong box, the State Bar lied to SFCourt [e.g. because it already admitted that it was accepting less than the full amount owed by waiving interest in its 12/19/23 letter to Kinney]. By marking the wrong box, the State Bar breached terms of the contract (and the terms of the "compromise settlement" contract) set forth by Kinney which became binding on the State Bar when it cashed Kinney's check for $20,415.36 without any mention of different terms, without crossing out terms on Kinney's check, and/or without otherwise disputing the terms in Kinney's 12/28/23 letter.

41.    If the State Bar wanted to change any of the terms in Kinney's 12/28/23 letter, or wanted to negotiate different terms from those found in Kinney's letter, the State Bar should **not** have cashed Kinney's check for $20,415.36 within about 5 days and should **not** have filed an Acknowledgement on 1/3/24 in the 2017 case.

42.    Once the State Bar cashed Kinney's check in early Jan. 2024, the State Bar accepted all of Kinney's terms in his 12/28/23 letter under Civil Code Secs. 1565 et seq [including Sec. 1573 (constructive fraud), and Sec. 1624] in regards to that 12/28/23 "contract". The State Bar's subsequent breach of that contract allows Kinney to get the "benefit of the bargain" as his damages under Civil Code Secs. 3300 et seq.

43.    Once the State Bar cashed Kinney's check in early Jan. 2024 **and** signed and filed its Acknowledgement of Satisfaction of Judgment on 1/3/24 in the 2017 case, the State Bar agreed to a "compromise settlement" contract with Kinney under CCP Sec. 664.6 for all the terms in Kinney's 12/28/23 letter. The State Bar's subsequent breach of that contract allows Kinney to require the courts to follow all of the terms of his 12/28/23 letter which is a "compromise settlement" contract.

44.    However, SFCourt previously refused to do this in 2024 for both of the prior cases that were filed by the State Bar in 2017 and 2018, and these disputed issues (along with the 4 decades of fraud admitted to by the State Bar) were ignored by all the courts during Kinney's filings as a defendant and his appeals of both cases.

45.    The "fraud" noted herein (including but not limited to at least two predicate acts by an "enterprise" that involves extortion, robbery, theft, bribery, embezzlement, and/or bankruptcy fraud during the last 10 years) by the State Bar, CJC, FTB and/or others meets the criteria of a RICO violation under state and federal laws (including but not limited to 18 U.S.C. Secs. 1961-1968 and Cal. Penal Code Sec. 186) for which there is no judicial immunity because a RICO violation is a crime and/or because the courts and others [e.g. as agents of the courts] have acted "in the clear absence of jurisdiction" in regards to the VL law [e.g. since attorneys with clients cannot be labeled as vexatious litigants under CCP Secs. 391 et seq] and/or the US Supreme Court's 2015 *Dental Examiners* decision [e.g. since disciplinary bodies comprised of active and/or inactive members cannot punish other active members without violating the antitrust laws unless the recommendations and/or decisions of those disciplinary bodies have an independent

state supervisor (who is not an active or inactive member of the same profession) review the matter and write a written report about his or her findings before action is taken].

46.    In May 2015, all seven justices on the California Supreme Court were active or inactive attorneys, as is standard for all U.S. and state supreme court justices. The composition of the court at that time included Chief Justice Tani G. Cantil-Sakauye and Justices Marvin R. Baxter, Joyce L. Kennard, George. S. Liu, Kathryn Mickle, Carol A. Corrigan, and Goodwin H. Liu.    To Kinney's knowledge, no independent state supervisor for State Bar recommendations existed at that time.

47.    In May 2016, all seven justices on the California Supreme Court were attorneys, and the court had the following composition: Chief Justice Tani G. Cantil-Sakauye and Associate Justices Marvin R. Baxter, Joyce L. Kennard, Ming W. Chin, Carol A. Corrigan, Goodwin H. Liu, and Kathryn Mickle Werdegar.    The 2016 California Supreme Court had no inactive attorneys.    To Kinney's knowledge, no independent state supervisor for State Bar recommendations existed at that time.

48.    As a proximate result of the acts and omissions of the defendants, and each of them, as herein alleged, plaintiff Kinney has suffered damages as noted herein in an amount which exceeds the jurisdictional limit of this U.S. District Court, including but not limited to economic damages [e.g. due to improper seizures, theft and/or robbery of Kinney's money], non-economic damages, pain and suffering damages, irreparable losses [e.g. that require injunctive relief to remedy], loss of goodwill of his business(es), loss of his business reputation [e.g. as an expert witness], loss related to his rental properties, and loss of his personal reputation.

Wherefore, plaintiff Kinney prays as follows:

## SECOND COUNT

(Negligence Against All)

49.    Plaintiff Kinney re-alleges and reincorporates herein by reference each and every allegation of paragraphs 1 to 48 inclusive the First Cause of Action as though fully set forth herein.

50.    If there is insufficient evidence collected during discovery to show that each defendant acted intentionally and/or willfully in the matters alleged herein, the plaintiff's allegations herein are repeated herein against that defendant as a negligence cause(s) of action, rather than as an intentional cause(s) of action for fraud.

Wherefore, plaintiff Kinney prays as follows.

<u>THIRD COUNT</u>

(Breach of Contract(s) Against State Bar)

51.    Plaintiff Kinney re-alleges and reincorporates herein by reference each and every allegation of paragraphs 1 to 48 inclusive the First Cause of Action as though fully set forth herein; and  paragraphs 49 to 50 inclusive the Second Cause of Action as though fully set forth herein.

52.    The State Bar agreed to a contract with Kinney soon after 12/28/23 by its own action of cashing Kinney's "paid under protest" check for $20,415.36 which means the State Bar accepted the specific conditions that were listed in Kinney's 12/28/23 letter as alleged herein.

53.    As of about Jan. 10, 2024, the State Bar breached that contract, refused to return the $20,415.36 obtained from Kinney's check [e.g. by robbery, extortion, or theft], and refused to comply with all of the specific conditions that were listed in Kinney's 12/28/23 letter, all without just cause, which caused damage to Kinney.

54.    The State Bar agreed to a contract known as a "compromise settlement" with Kinney soon after 12/28/23 by its own act of cashing Kinney's "paid under protest" check for $20,415.36 which accepted the specific conditions that were listed in Kinney's 12/28/23 letter as alleged herein, **and** then by signing and filing its Acknowledgement of Satisfaction of Judgment in the 2017 case on 1/3/24 as alleged herein.

55.    As of about Jan. 10, 2024, the State Bar breached that "compromise settlement, refused to return the $20,415.36 obtained from Kinney's check [e.g. by robbery, extortion, or theft], and refused to comply with all of the specific conditions that were listed in Kinney's 12/28/23 letter, all without just cause, which caused damage to Kinney.

Wherefore, plaintiff Kinney prays as follows.

## FOURTH COUNT

### (Declaratory and Injunctive Relief Against All)

56.    Plaintiff Kinney re-alleges and reincorporates herein by reference each and every allegation of paragraphs 1 to 48 inclusive of the First Cause of Action; paragraphs 49 to 50 inclusive of the Second Cause of Action as though fully set forth herein; and paragraphs 51 to 55 inclusive the Third Cause of Action as though fully set forth herein

57.    Actual controversies have arisen and still exist between the parties as to the duties, rights, and/or obligations of defendants State Bar, FTB, CJC, Chair, and/or other DOE defendants in regards to duties, rights and/or obligations of plaintiff Kinney including but not limited to the matters alleged herein, who is at fault, who is liable, and what are the appropriate remedies.

58.    Judicial determinations are necessary and appropriate at this time under the circumstances in order that defendants and each of them, and Kinney, may ascertain their respective rights, duties and/or obligations.

59.    Kinney seeks judicial determinations [e.g. declaratory relief] of the rights, duties, and obligations of all parties regarding the matters herein.

60.    It is believed that the actions and/or omissions by defendants, and each of them, as to these matters will not change in the future without court intervention, which has already resulted in multiple lawsuits in the past and will necessitate future lawsuits over time to resolve these disputes.

61.    With respect to these matters, Kinney requests injunctive relief [e.g. pursuant to CCP Secs. 526 et seq.] with regard to the allegations herein including but not limited to the "void" entries for Kinney that are still on the CJC's VL list; the failure and/or refusal to have the State Bar's 12/12/14 recommendation for Kinney's disbarment reviewed as required by the US Supreme Court before the Cal. Supreme Court could act on Kinney's 2016 petition for review; the State Bar's rights, if any, to obtain judicially-enforceable cost judgment(s) without providing all information requested on the State Bar's official form; the State Bar's rights, if any, to obtain judicially-enforceable cost judgment(s) without having a "judicial court" actually review the costs as claimed by the State Bar and determine the actual amount of costs to be assessed; the FTB's rights, if any, to collect the State Bar's cost judgments issued before 1/1/19 from Kinney's assets; the CJC's and/or State Bar's rights, if any, to improperly apply VL laws to an attorney with a client, to a non-party, and/or to a defendant in a case or an appeal; the defendants' rights, if any, in allowing the state courts (including probate courts) to violate and/or ignore the federal discharge injunction 11 U.S.C. Sec. 524 as to the discharged Chapter 7 "no asset" bankruptcy debtor Michele Clark and her listed unsecured creditors Marcus; the defendants' rights, if any, in allowing the state courts (including probate courts) to violate and/or ignore state court decisions and other opinions about proving the validity of an attorney lien in an hourly-fee retainer agreement before the lien or the retainer are deemed valid and enforceable in regards to debtor Michele Clark's attorneys Marcus et al; and the defendants' rights, if any, in allowing the state courts to violate and/or ignore the statute(s) of limitations as to a 2017 claim by the widow of Kinney's client, Mr. Efren Cervantes, against attorney Kinney who was no longer practicing law as of Dec. 2014 due to the State Bar's 12/12/14 disbarment recommendation against Kinney.

62.    As a proximate result of the acts and omissions of the defendants, and each of them, as herein alleged, plaintiff Kinney has suffered economic damages [e.g. due to the improper seizure, theft, and/or robbery of Kinney's money], non-economic damages,

and irreparable damages that only injunctive relief and/or declaratory relief can resolve, as noted herein in an amount which exceeds the jurisdictional limit of this U.S. District Court.

## REQUEST FOR JUDICIAL NOTICE

63. Kinney requests judicial notice of the facts and documents in all the filings for the State Bar's cases No. CPF-17-515616 in 2017, and No. CPF-18-516235 in 2018, in SFCourt against defendant Kinney including but not limited to all the filings made by Kinney during his defense and his appeals of those two cases, the State Bar's filings, and the decisions made in the State Bar's cases and in Kinney's appeals. Rochin v. Pat Johnson Manufacturing Co., 67 Cal.App.4th 1228, 1232 (1988).

WHEREFORE, plaintiff Kinney prays as follows.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Kinney prays for judgment against defendants, and each of them, as follows:

1. For an injunction(s) requiring the return of all monies obtained [e.g. by robbery] by the State Bar from Kinney including but not limited to the money seized by FTB on behalf of the State Bar and the $20,415.36 "paid under protest" check tendered by Kinney on 12/28/23 along with interest at the legal rate within 30 days;

2. For an injunction(s) requiring the State Bar to fully disclose all employees who worked, advised, influenced, or consulted on the disciplinary proceedings against Kinney, his client Kimberly Kempton, and his attorney William Rubendall in 30 days;

3. For an injunction(s) requiring the State Bar to fully disclose all others [e.g. who were not State Bar employees] who advised, influenced, consulted and/or otherwise participated in the disciplinary proceedings against Kinney, his client Kimberly Kempton, and his attorney William Rubendall within 30 days;

4.   For an injunction(s) requiring the return of all monies obtained [e.g. by robbery] by the FTB from Kinney including but not limited to the money seized on behalf of the State Bar [i.e. $5,174.00] along with interest at the legal rate within 30 days;

5.   For the vacating of the "void" vexatious litigant orders against attorney Kinney (who represented a client) including but not limited to the 11/19/08 VL order issued by Judge Lavin, and the 12/8/11 VL order issued by Justice Boren (also known as In re Kinney, 201 Cal.App.4th 951) since an attorney with a client can never be labeled as a vexatious litigant ("VL") by a Judge or Justice under CCP Secs. 391 et seq, and under John v. Superior Court, 63 Cal.4th 91 (5/5/16);

6.   For the vacating of the "void" 5/25/16 disbarment order against Kinney issued by the Cal. Supreme Court since the State Bar and the Cal. Supreme Court never had an independent state supervisor review the State Bar's 12/12/14 disbarment recommendation and never had any written report by that state supervisor regarding the 2014 disbarment recommendation so as to comply with the US Supreme Court's 2015 Dental Examiners decision and related prior decisions, and since John v. Superior Court, 63 Cal.4th 91 (5/5/16), and CCP Secs. 391 et seq did not permit an attorney with a client to be labeled a vexatious litigant ("VL");

7.   For the injunctive relief regarding the "void" 2017 cost judgment issued by SFCourt in favor of the State Bar that was not timely served on Kinney;

8.   For injunctive relief regarding the "void" and "fraudulent" 2018 cost judgment issued by SFCourt in favor of the State Bar since the requested costs were not allowed under law, and that cost judgment was not timely served on Kinney;

9.   For the vacating of "void" order(s) issued in Alameda County in favor of Mrs. Francisco Cervantes in 2017 against attorney Kinney as to legal services performed long-ago for Kinney's client, Mr. Efren Cervantes, since Kinney had stopped practicing law in 2014 as a result of the State Bar's 12/12/14 disbarment recommendation, and since Kinney was precluded from filing action(s) against Mrs. Cervantes (who was never his

client) and her attorney (even though the statutory limitation time limits in CCP Sec. 340.6 had expired as to Kinney) due to the CJC's "void" VL listings against Kinney;

10.    For an injunction(s) requiring the return of all monies obtained [e.g. by robbery] by Mrs. Francisco Cervantes from Kinney [i.e. $22,102.50] along with interest at the legal rate; or for State Bar to pay Kinney that amount if not paid by her in 60 days;

11.    For the vacating of "void" order(s) issued in the courts against Kinney [e.g. Kinney v. Clark, 12 Cal.App.5[th] 724 (2017)] which violated federal law including but not limited to the discharge injunction under 11 U.S.C. Sec. 524 imposed on the listed, unsecured creditors of the 2012 discharged Chapter 7 debtor Michele Clark [e.g. her own attorneys Marcus, Watanabe, etc] given that debtor Clark (and the bankruptcy trustee) never reaffirmed the 2007 hourly-fee retainer agreement (with an attorney lien clause that was never proven to satisfy state law) between Clark and her own attorneys Marcus etc and since Kinney was precluded from filing action(s) against Clark, her attorneys Marcus etc and others due to the CJC's "void" VL listings for Kinney;

12.    For an injunction(s) requiring the return of all monies obtained [e.g. by robbery] by 2012 Chapter 7 discharged debtor Michele Clark [i.e. seller of her residential property at 3525 Fernwood, Los Angeles, CA to buyers Kinney and Kempton in Oct. 2005), and/or by her attorneys Marcus, Watanabe, etc (including David Marcus and Eric Chomsky) from Kinney after 2012 [i.e. $245,997.74] along with interest at the legal rate, or for the State Bar to pay Kinney that amount if not paid by Clark and/or her attorneys Marcus etc within 60 days;

13.    For the vacating of "void" order(s) issued and/or required by the Court of Appeal against Kinney's attorney William Rubendall [e.g. see Kinney v. Clark, 12 Cal.App.5[th] 724 (2017)] which violated federal law because all courts must follow 11 U.S.C. Sec. 524 in regards to 2012 discharged Chapter 7 debtor Michele Clark and her listed, unsecured creditors, her attorneys Marcus, Watanabe, etc. whose 2007 hourly-fee retainer (with an attorney's lien) was never reaffirmed in the bankruptcy;

14.    For an injunction(s) requiring the return of all monies obtained [e.g. by robbery] from attorney William Rubendall, a bankruptcy specialist [i.e. $10,000 paid by client Kinney], by the State Bar, the Court of Appeal, the 2012 discharged Chapter 7 debtor Michele Clark, or her attorneys Marcus etc along with interest at the legal rate (which was reimbursed to Rubendall by his client Kinney), or for the State Bar to pay Kinney that amount if not paid by the one who collected [e.g. by robbery] that money from Rubendall within 60 days;

15.    For injunctive relief to vacate all State Bar's disciplinary recommendations and/or subsequent orders by the Cal. Supreme Court against any attorney from 2/2/15 to the present because of their failures to comply with the US Supreme Court's decisions as noted herein;

16.    For injunctive relief to require the CJC to review its VL list and eliminate any listing of an attorney with a client who appears on that VL list, and also eliminate any listing of an attorney or anyone else who was initially listed on that VL list due to actions by a Justice [e.g. as shown by a case number starting with a letter such as A, B, C, etc as used by the Courts of Appeal, but with no previous case number from a lower court on the list] prior to 1/1/12 when CCP Sec. 391.7 as amended to include a "presiding justice" became effective;

17.    For injunctive relief to preclude the State Bar from engaging in any disciplinary proceedings (to be made effective immediately) until the State Bar and the Cal. Supreme Court fully comply with the US Supreme Court's *Dental Examiners* and related decisions [e.g. to obtain an independent state supervisor to review the State Bar's recommendations before any decisions can be made by the Cal. Supreme Court], **and** until the CJC removes all attorneys with clients from its vexatious litigant list [e.g. Kinney], **and** until the State Bar and the Cal. Supreme Court pay the rest of the $17 million owed to Mr. Girardi's clients (reduced by what Mr. Girardi has already paid, if

any), **and** until all monies [e.g. obtained by robbery] have been returned to Kinney by the State Bar (and others) as noted herein, which ever occurs last;

     18.    For statutory remedies if applicable;

     19.    For declaratory relief according to proof;

     20.    For other injunctive relief according to proof;

     21.    For damages according to proof [multiplied by three time (3x)];

     22.    For costs of suit herein incurred; and

     23.    For such other and further relief as this Court may deem proper.

Dated: Oct. 28, 2025         __s/_Charles Kinney_____

## VERIFICATION

I, the undersigned, declare that I am the plaintiff in this action; that I have read the foregoing document entitled COMPLAINT, and know the contents thereof; that the same is true of my own knowledge, except as to those matters set forth upon my information and belief and as to such matters that I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that it was executed on Oct. 28, 2025, in Sacramento, CA.

                 ___/s/__Charles Kinney_____

Attachments:

1.    Judge Lavin' s 11/19/08 vexatious litigant decision listing only 4 cases

2.    State Bar's 12/19/23 letter agreeing to waive interest etc.

3.    Kinney's 12/28/23 letter with additional settlement terms

4.    Kinney's 12/28/23 check showing it was cashed by the State Bar

5.    State Bar's 1/3/24 Acknowledgement of Satisfaction of Judgment

6.    FTB's 6/14/22 collection order with cost judgments from both cases

7.    CJC's vexatious litigant list with Kinney's name listed twice as an attorney

ORIGINAL FILED

NOV 19 2008

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| KIMBERLY KEMPTON and CHARLES KINNEY,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHELLE CLARK, LAUREN WALKER, and DOES 1 through 10,<br><br>Defendants. | CASE NO. BC 374936<br>[Assigned to Hon. Luis Lavin, Dept. 13]<br><br>[PROPOSED] ORDER DECLARING CHARLES KINNEY A VEXATIOUS LITIGANT SUBJECT TO A PRE-FILING ORDER AND REQUIRING HIM TO POST SECURITY IN THE AMOUNT OF $20,000<br><br>DATE:    October 27, 2008<br>TIME:    8:30 A.M.<br>DEPT:    13<br><br>Unlimited Jurisdiction<br>Date Action Filed:   July 26, 2007<br>Discovery Cut-Off:  December 22, 2008<br>Trial Date:             January 20, 2009 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

On October 27, 2008, Defendants PRUDENTIAL CALIFORNIA REALTY - JOHN AAROE DIVISION and LAUREN WALKER's (collectively, "Defendants") Motion for Order Requiring Plaintiff Charles Kinney ("Kinney") to Furnish Security and to be Declared a Vexatious Litigant Subject to a Pre-Filing Order, came for hearing before the Court. After reviewing the moving and opposing papers and oral argument, the Court GRANTS the motion.

Defendants have shown that Kinney is a vexatious litigant, pursuant to the definitions set forth by Code of Civil Procedure Sections 391(b)(1) and 391(b)(2).

2  Kinney has in the immediate preceding seven year period commenced, prosecuted, or
3  maintained at least five litigations that have been finally determined against him or have
4  been pending for more than two years without going to trial or hearing with the meaning
5  of section 391(b)(1).  Kinney has also repeatedly filed unmeritorious motions,
6  pleadings, or other papers within the meaning of section 391(b)(3).  For example, in
7  *Kinney v. Overton* (Case No. G037708), the appellate court dismissed the appeal and
8  awarded additional sanctions, holding the appeal was frivolous.  In *Van Scoy v. Shell Oil*
9  *Company* (9th Cir. Case No. 00-15087), the court upheld the imposition of sanctions and
10  wrote that Kinney "continued in his efforts to relitigate nonmeritorious claims through
11  vexatious and multiple filings within this suit."  Kinney was also sanctioned for frivolous
12  objections in *Luc v. Chiu*, and unsuccessfully appealed the sanctions in pro per.  Finally,
13  in *Payne v. Schmidt*, the court found "there was ample reason for concluding that Kinney
14  filed the motions for an improper purpose . . ." in upholding sanctions against him.  This
15  Court accordingly declares Kinney, in pro per, to be a vexatious litigant subject to a pre-
16  filing order.
17

18       Pursuant to Code of Civil Procedure Section 391.1, the Court orders Kinney to
19  post security in the amount of $20,000 within 30 days.  Defendants have shown
20  that there is no reasonable probability that Kinney will prevail in the instant litigation
21  against Defendants.  Defendants' evidence demonstrates that Kinney was aware of the
22  defects purportedly hidden from him by both the seller and Defendants.  Kinney
23  provided no counter evidence to dispute the documents attached by Defendants.
24  Kinney does not have a reasonable probability of prevailing on the merits.

25  ///
26  ///
27  ///
28  ///

The Court grants Defendants' request for judicial notice.

IT IS SO ORDERED.

Dated: 11-19-08



LUIS A. LAVIN

Honorable Luis A. Lavin

 **The State Bar** *of California*

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

raul.duran@calbar.ca.gov
415-538-2079

December 19, 2023

Charles G. Kinney
5826 Presley Way
Oakland, CA 94618

RE: Charles Gadsden Kinney, former SBN 66428

Dear Mr. Kinney:

The State Bar writes to update you of the balance of debts you owe to the State Bar. Our records reflect you currently owe a total of **$20,415.36**. To the extent this amount differs from prior correspondence received from the State Bar and/or the California Franchise Tax Board (FTB), please use this number. We have updated the FTB to ensure your account appropriately reflects this amount.

We hope this letter clarifies for you what you currently owe the State Bar, and the legal basis for such debt. As discussed in detail below, the State Bar is not collecting on Superior Court Judgment Case No. **CPF-18-516235**. Accordingly, to preserve judicial resources, we request you withdraw your motion to vacate this judgment, as well as your motion to consolidate the two judgment cases.

### Superior Court Judgment No. CPF-17-515616

On May 25, 2016, the California Supreme Court awarded disciplinary costs to the State Bar in connection with State Bar Case Nos. 09-O-18100 and 09-O-18760 in the amount of $25,095.89.

On April 24, 2017, pursuant to California Rules of Court, Rule 9.23, the State Bar filed notice of the entry of judgment in San Francisco Superior Court, Case No. CPF-17-515616 for the amount $25,095.89 for the discipline costs awarded by the California Supreme Court plus $395 for filing and administrative charges for a total of $25,490.89. On May 22, 2017, the San Francisco Superior Court issued an abstract of judgment in Case No. CPF-17-515616. In 2019, the State Bar transmitted this judgment, along with accrued interest at 10% per annum since the date of entry, to the FTB for collections pursuant to California Revenue and Taxation Code section 19280.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017



Charles Kinney
December 19, 2023
Page 2

To date, the FTB has collected five thousand seventy-five U.S. dollars and thirty-three cents ($5,075.53) from your accounts.

**Please be advised that the State Bar is not currently collecting interest accrued on this judgment**. Taking into account payments received, you owe a total of **$20,415.36** on this judgment. This balance reflects the difference between the original amount filed in superior court and the amounts collected by the FTB.

\* \* \*

### Superior Court Judgment No. CPF-18-516235

On June 21, 2018, the State Bar also filed a request for entry of judgment in San Francisco Superior Court under Case No. CPF-18-516235 for costs awarded to the State Bar in connection with a Ninth Circuit appeal. At the time of filing, the judgment amount was $448.70.

**Please be advised that the State Bar is no longer collecting this judgment and has recalled this debt from the Franchise Tax Board (FTB).** As a result, the Franchise Tax Board will no longer collect on this debt on the State Bar's behalf. Any amounts collected by the FTB to date on behalf of the State Bar have been applied solely to the judgment entered in CPF-17-515616, as reflected above. The State Bar has written off and canceled this debt.

Additionally, the State Bar has filed a Form 409 Release in San Francisco Superior Court in order to lift the judgment entered in CPF-18-516235. A true and correct for the Form 409 is attached as **Exhibit A**. The State Bar will also file the Form 409 with the Alameda County Recorder to lift the lien on any interest in real property owned by you in Alameda County.

As the State Bar is no longer enforcing this debt, we request you withdraw your motion to vacate. Should you fail to do, the State Bar will not oppose your November 7, 2023 motion to vacate the judgment in Case No. CPF-18-516235 and will be filing a notice of non-opposition.

\* \* \*

If you have any questions, please contact Raul Duran in the State Bar's Office of General Counsel via email at raul.duran@calbar.ca.gov, or submit any questions or requests in

Charles Kinney
December 19, 2023
Page 3

writing to: Raul Duran, Office of General Counsel, The State Bar of California, 180 Howard St. San Francisco, CA 94105.

Sincerely,

/s/ Raul G. Duran

Raul Duran
Assistant General Counsel

RECEIVED
DEC 2 8 2023
THE STATE BAR OF CALIFORNIA

The State Bar of California
180 Howard St.
San Francisco, CA  94105

Hand-delivered on 12/28/23

Mr. Raul G. Duran, Assistant General Counsel:

I received your letter dated 12/19/23 in the mail.  You did not address all the
issues that were noted in my various motions (set for hearing on 1/10/24).

I am enclosing a check for $20,415.36 (paid under protest; reserving all
rights; CCP 724.110 demand) in an effort to mitigate past, ongoing, and/or
future damages that have been (and that are still being) imposed on me.

The enclosed check is to pay off the remaining amount of the cost award(s)
related to my discipline [in the exact amount(s) mentioned in your 12/19/23
letter] with several conditions [some of which are noted on the check].

By presenting this check, I am not waiving any of my rights; I am expecting
a full refund of all amounts paid by me to the State Bar and/or Franchise Tax
Board (including the amount of this check); I will be seeking additional
damages caused by State Bar's acts and omissions from about 2002 onward;
and I will be seeking damages caused by all of those who were involved
with fraud, bribery or collusion [including damages caused by the California
Judicial Council, FTB, and others (some identified and some not)].

This is a **demand** to the State Bar to fully comply with CA Code of Civil
Procedure Secs. 724.110 et seq within 15 days in regards to the enclosed
payment, the State Bar's 12/19/23 letter, and all recorded liens or abstracts
for the 2017 cost order and/or 2018 cost order in favor of the State Bar.

I expect you to timely file and record the State Bar's Acknowledgement of
Satisfaction of Judgments (Full) for both cost orders in each County in
which any State Bar's liens, judgments, and/or abstracts for these cost
order(s) were recorded [e.g. in Alameda and Contra Costa Counties].

The State Bar does **not** need Court approval to remove its recorded liens
[e.g. use Judicial Council Form EJ-100; and check boxes #1.a. and #1.a.(2)].

Charles Kinney (former SBN 66428)

3

| Routing | Sequence # | Paid Date | Amount | Account | Serial | Capture Source |
|---------|-----------|-----------|--------|---------|--------|----------------|
| 12104288 | 6843742660 | 01052024 | $20415.36 | 0295012371 | 1301 | 00010064 |

**LAW OFFICE OF**
**CHARLES G KINNEY**
**TRUST FUND**
5826 PRESLEY WAY
OAKLAND, CA 94618-1600

1301
11-4288/1210 4036
0295012371

FORMER SBN 66428
PAID UNDER PROTEST, 12/28/23

DATE

PAY TO THE ORDER OF _The State Bar of California_ $ 20,415 36/-

Twenty thousand four hundred fifteen and 36/100 DOLLARS

ALL RIGHTS RESERVED
CCP SECS. 724.110 ETC
DEMAND

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _____

⑆12104288⑆ 0295012371⑈ 01301

⁓⁓⁓⁓⁓⁓⁓⁓⁓





**EJ-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Suzanne C. Grandt (SBN 304794)
The State Bar of California
180 Howard Street
San Francisco CA 94105

TEL NO.: 415-538-2388    FAX NO. *(optional):*
E-MAIL ADDRESS *(Optional):*
[X] ATTORNEY  [X] JUDGMENT  [ ] ASSIGNEE
    FOR           CREDITOR       OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco CA 94102
BRANCH NAME: Civic Center Courthouse

FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY

PLAINTIFF: The State Bar of California
DEFENDANT: Charles Gadsden Kinney (SBN 66428)

| CASE NUMBER: |
| CPF-17-515616 |

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**
[X] FULL    [ ] PARTIAL    [ ] MATURED INSTALLMENT

ELECTRONICALLY
**FILED**
*FOR COURT USE ONLY*
Superior Court of California,
County of San Francisco
**01/03/2024**
Clerk of the Court
BY: RONNIE OTERO
**Deputy Clerk**

1. Satisfaction of the judgment is acknowledged as follows:
   a. [X] Full satisfaction
      (1) [X] Judgment is satisfied in full.
      (2) [ ] The judgment creditor has accepted payment or performance
             other than that specified in the judgment in full satisfaction of the
             judgment.
   b. [ ] Partial satisfaction
          The amount received in partial
          satisfaction of the judgment is $
   c. [ ] Matured installment
          All matured installments under the installment judgment have been satisfied as of *(date):*

2. Full name and address of judgment creditor:*
   The State Bar of California
   180 Howard Street, San Francisco CA 94105

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   Charles Gadsden Kinney
   5826 Presley Way, Oakland, CA 94618-1600

5. a. Judgment entered on *(date):* 4/24/2017
   b. [ ] Renewal entered on *(date):*

6. [X] An  [X] abstract of judgment  [ ] certified copy of the judgment has been recorded as follows *(complete all
        information for each county where recorded):*

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|--------|-------------------|-------------------|
| Alameda | 4/3/2018 | 2018067827 |

7. [ ] A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify):*

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each
county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of
State to terminate any judgment lien on personal property.

Date: 1/3/24

▶ _____
(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY**)

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary
acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. July 1, 2014]

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

Page 1 of 1
Code of Civil Procedure, §§ 724.060,
724.120, 724.250



CALIFORNIA ACKNOWLEDGEMENT
ATTACHED BY NOTARY



**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                      CIVIL CODE § 1189

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California                                          )

County of San Francisco                                      )

On _____JAN 0 3 2024_____ before me, ____Samir Bourema, Notary Public____,

       *Date*                                          *Here Insert Name and Title of the Officer*

personally appeared ____Suzanne C. Grandt____

                                             *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

                                     *Signature of Notary Public*

SAMIR BOUREMA
Notary Public · California
San Francisco County
Commission # 2454083
My Comm. Expires Aug 17, 2027

    *Place Notary Seal Above*

———————— **OPTIONAL** ————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: *Acknowledgment of Satisfaction of Judgment*

Document Date: __JAN 0 3 2024__ _____ Number of Pages: __1 8__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
| --- | --- |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2016 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)    Item #5907

**STATE OF CALIFORNIA**
**FRANCHISE TAX BOARD**
PO BOX 1328
RANCHO CORDOVA CA 95741-1328
(916) 845-4064

Notice Date: 06/14/2022

223000410002

## ORDER TO WITHHOLD — COURT-ORDERED DEBT COLLECTIONS

☐ Check this box and indicate new address on reverse.

MUFG UNION BANK, NA
LEGAL PROCESS T-64E-1420
PO BOX 60005
PHOENIX AZ 85082-0000

Account Number:  JK-279-8894

Billing Number:  CD-9209-85139

Amount Due:  $31,678.86

We issued this Order to Withhold to the addressee shown above to collect your delinquent court-ordered debt. (California Revenue and Taxation Code Sections 19280 and 18670)

This order attaches to the following assets or payments belonging to you:

- Deposits in financial institutions, including Individual Retirement Accounts (IRA) or Simplified Employee Pension Plans (SEP).

- Declared dividends, rents, royalties, and deposits in vacation or holiday trust funds.

- Any other personal property in their possession or under their control at the time they receive this order.

We instructed the addressee to hold all credits or payments (up to the amount due, less any required exemptions) for ten business days. After ten business days, the funds will be sent to us for payment on your delinquent debt.

If the addressee withholds less than the amount due, you must pay the remaining unpaid balance immediately to avoid further collection action.

**Pay by Mail**
Make your check or money order payable to **Court-Ordered Debt Collections.** Write your full name, account number, and billing number on your payment. Attach your payment to this notice and mail both items to the address above.

Debtor:

CHARLES G KINNEY
5826 PRESLEY WAY
OAKLAND CA 94618-1600

**Pay Online**
To pay online and for other payment options, go to ftb.ca.gov and search for **My COD Account.**

If an immediate payment in full creates an undue hardship or if you already paid the amount due, call us immediately at (916) 845-4064 (not toll-free).

Persons with hearing or speech impairments, call (800) 822-6268 (TTY/TDD).

If you have questions regarding specific case information or if you disagree with the amount due, call the referring office.

| Referring Office | Case Number | Amount Due | Phone Number |
|---|---|---|---|
| STATE BAR OF CA | CPF-17-515616 | $31,140.79 | (415) 538-2007 |
| STATE BAR OF CA | CPF-18-516235 | $538.07 | (415) 538-2007 |

Debtor's copy

VEXATIOUS LITIGANT LIST
From Prefiling Orders Received from California Courts
Prepared and Maintained by the Judicial Council of California
(Orders prohibiting future filings entered through October 1, 2023)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| KHODAYARI | Bahman | | Los Angeles Superior Court | LC096606 | 04/17/14 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 91IC09147 | 12/29/93 | |
| KIDECKEL | Brent | | Riverside Superior Court | PSC2000944 | 10/19/20 | |
| KILE | Robert | G. | Placer Municipal Court | CCV9644 | 09/27/93 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC371416 | 10/18/07 | AKA Howard (Hojeong) Kim, Hojeong Kim |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC377390 | 01/11/08 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC452500 | 04/21/12 | |
| KIM | Hojeong | | Los Angeles Superior Court | BC371416 | 08/13/15 | AKA Howard (Hojeong) Kim, Ho Jeong Kim |
| KINDER | Howard | | Los Angeles Superior Court | BC371416 | 08/13/15 | AKA Hojeong Kim, Ho Jeong Kim |
| KING | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Barry | | San Bernardino Superior Court | SMCDS1101478 | 06/06/12 | |
| KING | Barry | | San Bernardino Superior Court | SMCDS1103292 | 06/06/12 | |
| KING | Barry | | San Bernardino Superior Court | SMCDS1103291 | 06/06/12 | |
| KING | Barry | | San Bernardino Superior Court | SMCDS1101528 | 06/06/12 | |
| KING | Gary | E. | San Diego Superior Court | 37-2014-00017915 | 12/18/14 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | John | | Sonoma Superior Court | SCV241522 | 05/09/08 | |
| KING | Sharon | | Los Angeles Superior Court | BC458281 | 09/12/11 | |
| KING | Troy | | San Francisco Superior Court | CGC-20-587138 | 01/05/23 | |
| KINGSTON | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINNAMON (P-50234) | Bradley | | San Bernardino Superior Court | FAMVS803159 | 07/31/13 | |
| KINNAMON | Todd | Lee | Kings Superior Court | 11C0338 | 11/05/12 | |
| KINNEY | Todd | Lee | Kings Superior Court | 11 CV 1339 | 05/15/14 | |
| KINNEY | Charles | G. | Los Angeles Superior Court | BC374938 | 11/29/08 | |
| KINSEY | Charles | G. | Court of Appeal, 2nd Dist, Div 2 | B225643 | 12/08/11 | also Kimberly Jean Kempton |
| KIPKIRWA | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |
| KIRBY | Anne | Marie | Kern Superior Court | BCV15100496, BCV15100282, BCV15101073, S150OCV280734, S150OCV290999, BCS15001152, 20CV000004 | 01/06/16 | |
| KIRKPATRICK | Kyle | Jean | Napa Superior Court | 20CV000004 | 03/05/20 | |
| KITOVER | Arkady | | San Francisco Superior Court | 400004 | 05/02/05 | |
| KITOVER | Nina | | San Francisco Superior Court | 400004 | 05/04/05 | |
| KLAHN, Sr. | Daniel | P. | Alameda Superior Court | RG16838493 | 04/05/17 | |
| KLAZ | Shelly | Panettti | Los Angeles Superior Court | BD342867 | 04/27/09 | |
| KLEIDMAN | Peter | | Los Angeles Superior Court | 195MC01711 | 01/13/22 | |
| KNISLEY | Franklin | R. | Court of Appeal, 2nd Dist, Div 4 | B140372 | 09/29/00 | |
| KNOWLES | James | R. | Napa Superior Court | 20CV001335 | 08/24/21 | |
| KOBAYASHI | Yuki | | Los Angeles Superior Court | BC170895 | 11/17/00 | |
| KOBAYASHI | Yukoh | | Los Angeles Superior Court | C698162 | 10/21/92 | Limited to a specific case. |
| KOHAN | Khahbaba | | Court of Appeal, 2nd Dist, Div 1 | BC304625 | 03/04/04 | |
| KOHL | Barry | Steven | Fresno Superior Court | 0M65736 | 07/21/95 | |
| KOKUCH (V25135) | Bruce | | Los Angeles Superior Court | 10CEC002989 | 05/13/13 | |
| KONIECZNY | John | F. | Santa Clara Superior Court | KC019992 | 12/15/97 | |
| KONIGSRETTER | Adolf | | Los Angeles Superior Court | 20CV362241 | 06/21/22 | |
| KOONTZ | Kenneth | Roy | Los Angeles Superior Court | VC037055 | 06/01/01 | |
| KOONTZ | Temesha | | Sacramento Superior Court | 07CV001356 | 11/26/07 | |
| KOSLOW | Stan | J. | Solano Superior Court | FFL070261 | 04/21/08 | |
| KOVACEVIC | Carmen | | San Diego Superior Court | GIN017046 | 11/12/02 | |

